UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAME NIANG,

Petitioner,

v.

MATTHEW PUTRA,

Respondent.

Case No. 1:26-cv-2903

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with another bond hearing. (Pet., ECF No. 1, PageID.8.)

In an order entered on October 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

August 10, 2026, bond hearing on October 16, 2026. (Resp., ECF No. 5; Recording of Aug. 10, 2026, Bond Hearing, filed on Oct. 16, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023 and has remained in the United States since that time. (Pet., ECF No. 1, PageID.6.) On March 9, 2026, Petitioner was arrested by ICE. (*Id.*)

On May 5, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Niang v. Raycraft* (*Niang I*), No. 1:26-cv-1486 (W.D. Mich.). In *Niang I*, the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus pursuant to § 2241, because Petitioner had not exhausted his administrative remedies by requesting a bond hearing in immigration court before filing his petition. Op. & Jud., *Niang I*, (W.D. Mich. June 1, 2026), (ECF Nos. 8, 9).

On August 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge (IJ) Order, ECF No. 5-4, PageID.39.) At the conclusion of the bond hearing, in a written order, the IJ denied Petitioner's request for bond, stating: "[Petitioner]'s application was denied and he was ordered removed (pending appeal before the [Board of Immigration Appeals]) The [Petitioner] has a low likelihood of relief at this time. [Petitioner] is a flight risk." (*Id.*)

## III. Discussion

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. (*See* IJ Order, ECF No. 5-4, PageID.39; Recording of Aug. 10, 2026, Bond Hearing, filed on Oct. 16, 2026); *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Further, to the extent that Petitioner challenges the factual determinations that were made at the bond hearing, the Court notes that those are issues that are properly raised on appeal to the Board of Immigration Appeals (BIA). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted) (discussing that if the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA'"); *see also Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 28, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge